CECILE, F. M. C., *vs.* ST. DENIS, F. W. C.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PESIDING.

Where fraud is charged, direct and positive evidence is seldom to be obtained. Circumstantial evidence is commonly all that can be had; and every circumstance becomes material to ferrit out the fraud.

So, where interrogatories are propounded, which may appear immaterial, yet when fraud is alleged, the court is not authorized to dispense with having them answered, when they are not clearly improper.

This is an action to annul an act of sale, from plaintiff to defendant, of two negroes. The former alleges, he was induced, on the 4th of April, 1838, to execute an act of sale of two slaves, Henry and Mary, to the defendant, while in a state of intoxication, for the nominal sum of eleven hundred dollars, when they were worth two thousand dollars, and that said sale was fraudulently obtained from him by the defendant and her husband (*a statu liber*) ; that, at the time, she executed and delivered to him an instrument purporting to be her will, signed by her and two witnesses (Italians), in which she bequeathed or left the two slaves to him at her death, and at the same time took a lease from him, by which he was to pay her ten and twelve dollars per month each for hire. He prays that the said act be declared null and void, and that he be decreed to be the true owner, and quieted in his possession of the same. He then propounds sundry interrogatories to the defendant, concerning the payment of the price, which she answers, and declares she did pay the price stipulated, and negatives all fraud and collusion ; and specially denies that the plaintiff was intoxicated when he executed the act of sale in question.

The defendant pleaded a general denial, and averred she purchased said slaves fairly, and that she is the true and *bona fide* owner of them, and prays to be quieted in her possession.

On the trial, the plaintiff offered his own affidavit, to show that a counter-letter had been executed by the defendant, in

the presence of two Italian witnesses, who signed; that, some time thereafter, one Jose del Hosté, who wrote it, called on plaintiff to let him look at it for a short time, promising to return it in an hour; that he gave it to del Hosté, who never returned it, but pretended he had mislaid it; that del Hosté has since absconded, and that he has been unable to procure said letter, but swears that it was obtained from his possession by fraud, and that it has either been destroyed or returned to the defendant.

This affidavit was offered to prove the existence and loss of the counter letter, to the introduction of which the defendant's counsel objected, but it was received by the court, and a bill of exception taken.

The cause was finally submitted to the court on the evidence adduced, and there was judgment for the defendant, quieting her in her title to the slaves; from which judgment, after an unsuccessful attempt to obtain a new trial, the plaintiff appealed.

The cause was submitted to this court on written arguments, by Mr. Taylor, for the plaintiff, and by Mr. Campbell and Mr. Carr, for the defendant.

*Strawbridge, J.*, delivered the opinion of the court.

The plaintiff complains that the defendant, by various pretexts, fraudulently obtained from him a conveyance of two slaves, of the value of two thousand dollars, he being intoxicated at the time; that the defendant executed a will, bequeathing said slaves to him, and also a lease, which were written by one Jose del Hosté, and signed by two witnesses; that, becoming sensible of his folly the following day, he called on the defendant, and desired the act might be annulled; that she promised to do this in a few days, and that he gave back the will and lease, the existence of which she now denies.

The answer of defendant denies these facts.

A supplemental petition was filed, in which the plaintiff required the defendant to answer certain interrogatories.

WESTERN DIST.
October, 1839.

CECILE, F.M.C.,
vs.
ST. DENIS, F.W.C.

The defendant moved the court to strike out the ,eighth and ninth of these interrogatories, on the ground that there was no allegation in the petition of the existence of a counter letter ; and this the court ordered. There was judgment for the defendant, and the plaintiff appealed.

Though not clearly expressed, we understand the petition to state, in substance, that the will and lease were given by way of counter letter ; and that the interrogatories were improperly stricken out.

As by an answer to a preceding interrogatory, the defendant had denied the execution of the will and lease, it might appear useless to require an answer to the two interrogatories in question ; it is therefore proper to state the reasons which prevent us from coming to the conclusion that they were immaterial.

The fourth interrogatory is in these words : " Were or were there not two acts in Cecile's favor, executed by you, and were they not drawn by Del Hosté, and witnessed by two Italians ?"

To this the defendant answers " No :" that she borrowed from del Hosté one hundred dollars ; that when he was about starting for New-Orleans, he asked her for the hundred dollars, and she told him she had not the money, and gave him a note for it. Del Hosté told her he would make her an obligation for it, which she signed. Del Hosté then told her it was an obligation for the hundred dollars.

The eighth interrogatory is in these words : " Since Cecile passed the act to you for the sale of his slaves, have you seen the counter letter you gave Cecile ?"

Ninth : " Do you know where they are ?"

*Where fraud is charged, direct and positive evidence is seldom to be obtained. Circumstantial evidence is commonly all that can be had ; and every circumstance becomes material to ferrit out the fraud.*

Where fraud is the charge, it is rarely to be made out by direct and positive testimony ; it being a principal object to those who concocted it to avoid proof. Circumstantial evidence is commonly all that can be obtained, and every circumstance becomes material to ferrit it out. The very fact of a disinclination to answer any interrogatory is suspicious, for if the transaction be fair, there is nothing to conceal. True, the party has the right to object to improper questions,

and we cannot deprive him of it, but they should be clearly <span class="margin">WESTERN DIST. October, 1839.</span> such.

That the paper she admits she did sign may, in her mind, have some connection with the matter in dispute, is evident; or why, after denying that she made a will and lease, qualify that denial by the history of a paper "which Del Hosté told her was an obligation for money due to him?"

And why object to answer whether she had seen the counter letter since the sale, or whether she knew where it was? if the answers to the fourth interrogatory were absolutely true, viz., that she had executed no such paper; for, if so, it would have been impossible that she should have seen that which never existed, or know where it was. We think the justice of the case requires it to be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and avoided, and the case remanded for a new trial; that the defendant be required to answer the interrogatories; and that the appellee pay the costs of the appeal.